Our next case on the call the docket is agenda number three case number one one three seven seven six and ray am I a minor counsel for the appellant please proceed good morning your honors my name is Emily Phelps and I represent marquee in this matter today I'll be focusing my remarks on the second argument the non-constitutional issue raised in my briefs but I'll be happy to answer any questions that you may have regarding the other two issues the extended juvenile jurisdiction prosecution statute or EJJP requires that a designation hearing be held within 30 or 60 days after the state files a designation motion here that the hearing was held 99 days after the state filed its motion all the while sixteen-year-old marquee was held in custody and due to this EJJP designation marquee received an indeterminate juvenile sentence as well as an additional 23 year adult sentence in a case where no one was harmed the statute is mandatory whether the statute mandatory or directory is a matter of statutory construction the primary goal of statutory construction is to give intent to the effect effect the intent of traditionally the language of the statute is the most reliable indicator of legislative intent here the statute provides that the hearing shall be held within 36 30 days unless good cause is shown in which case the hearing shall be held within 60 days this particular language contemplates only one continuance it doesn't contemplate unlimited continuances only one and reading this as directory renders the spec specificity of this one continuance unless there's good cause language in the statute superfluous also good cause it's a tough burden it's not just asking for a continuance it shows that the timeline is important to legislature and intended to be mandatory if the hearing had not been held within statutory time and if that occurred in this case how would the end result have been any any different considering that respondent did not object to the continuance beyond 60 days after 60 days the the court loses its statutory authority to rule on it in this case the hearing was held 99 days later so the court didn't have the authority to rule on that marquee it if blowing this deadline affects the minors preparation of case because once the state files it you have to stop looking for an alibi or working up the guilt or innocence portion of the trial and you have to start essentially preparing for a sentencing hearing also it doesn't matter that he wasn't matter if he was harmed it's like the 90-day rule for ruling on a first stage post-conviction petition that this court discussed in order seeing it result be different oh he wouldn't the case wouldn't have been designated as EJJ because after that point the court loses its ability to rule on that motion unless the state refiles which they didn't do in this case as I said you know it affects the minors ability to prepare for the trial because they have to switch over to to looking at more sentencing related issues you know that the minors background things like that and again it doesn't really matter it's like the 90-day rule in Porter the 90-day rule in Porter for ruling on the first stage of post-conviction petition it doesn't only apply if the petition has has merit it doesn't matter you're enforcing the legislature's intent because juveniles are vulnerable people just like pro se litigants how does the fact that under the statute the state can ask for EJJ designation at any time prior to the hearing impact your argument that it you know anytime it's going to disrupt the I assume the full preparation for trial mm-hmm what's to prevent the state from waiting to wait until right before the trial and saying we want it designated as EJJ the statute doesn't prevent that from happening although it it definitely interferes with the defense ability to prepare and to give advice to the to the minor from counsel standpoint the advice that you're going to give a minor who's facing trial in juvenile court yet facing a maximum sentence of up to their 21st birthday is vastly different than the advice that counsel might give to a juvenile who's facing an additional 10 to 45 year adult sentence how does that play into the how does the timing of when the hearings held have any effect on whatever what undoubtedly is a key factor and how you advise the client what does the timing have to do with well the juvenile if the juvenile can and wouldn't it be more advantageous for the juvenile to learn this early in the early in the tendency of the case rather than late it definitely would be more advantageous to learn it right away because again it affects how counsel prepares you know instead of if it's EJJ then now counsel is possibly preparing a jury trial and it's a public trial and there's these significant adult consequences what what right is the statute the timing statute designed to protect it's the right to of the defense counsel to prepare and of counsel to be able to give advice strategy it's like it's like death penalty cases when they charge it and you know you're more likely to plea this affects counsel strategy because if it's EJJ it's a the EJJ statute also uses the term may as well as the term shall within the same subsection the legislature used the term may when discussing that the state may file and designation motion at any time prior to trial but once this the case is designated as EJJ the step the statute only uses shalls this indicates a purposeful selection of words and a different intent between the shall and mays also the format of the statute suggests a mandatory intent the statute lists all the steps required to obtain EJJP in one lengthy block paragraph instead of in separate subdivisions once the state files the motion notice shall be given hearing shall be commenced within 30 days unless good cause then the hearing shall be held within 60 days notice the hearing shall be given open to the public if the court determines that their probable cause the court shall grant the motion the decision to include all these conditions in one lengthy block paragraph suggests that the legislature intended for all of these shalls to be read together and to be mandatory you can't just cherry-pick some of these shells out and say that some of these shells are directory while some of these are mandatory because it just doesn't make sense in terms of format of the actual statute although the language of the statute is the best indicator of legislative intent courts also look to potential consequences holding the statute to be directory allows the state to indefinitely prolong this pretrial proceeding putting the child in a state of uncertainty about the nature of the trial and the possible consequences even an adult knows right from arraignment the possible sentencing range that he's facing if he is convicted and minors as we all know are different from adults and need more on this statute was that he provides a juvenile with certainty over the consequences because children need to be taught that there are consequences to their behaviors as I mentioned it also affects defense strategy more of us child moreover if the child is in detention this will prolong their time in detention which is directly against the purpose and policy statement of the this could also be used as a tactic or a weapon by the state to compel the child's plea particularly if the child's being held indefinitely in the audio home during this time the state wants to forego the traditional rules of statutory construction arguing that shall is only mandatory when there's negative language or consequences listed in the statute under the state's logic much much of the criminal code would also be directory because many of the MSR shall be imposed day-for-day credit same thing firearm add-ons 15 years shall be added to the term of imprisonment imposed by the court also the consecutive sentencing statute in our now this court said that it's mandatory to impose consecutive sentences that are required by the statute now after on the legislature changed the language of the statute they eliminated the negative language that was in the statute the current consecutive sentencing statute has no negative language and no consequences listed so under the state's argument the legislature changed that statute from mandatory to directory or argument then a concession that there are no negative there's no negative language or consequences specified not in the age of clients cracked your or closer to home in this case if shall when used in the EJJP statute is not mandatory then the provision in the EJJP statute that the sentence if the minor commits a new offense is similarly not mandatory because the general rule of statutory construction is that when the same words appear in different parts of the same statute that they should be given the same meaning absent some indications that the legislature intended differently I don't know the state has all the benefits under the statute is so easy for the state all they have to do is prove probable cause by proffer if you violate the deadline the state can just for file the state controls all parts of this determination and this was for a purpose in the house debates representative cross addressed the concern that EJJP could lead to increased detention time and increased detention costs representative cross explained that this legislation should not prolong matters because the statute makes it so easy for the state to get its case together probable cause by live witnesses here because Marquis adult sentence was imposed in violation of the mandatory EJJP statute and because the EJJP statute is unconstitutionally vague and violates Apprendi we ask that this court vacate his 23 year adult sentence thank you thank you counsel good morning Chief Justice Kilbride honorable members of the court again assistant state's attorney Annette Collins from Cook County representing the people of the state of Illinois in the matter before this court despite making no objections below despite agreeing to all of the continuances and despite the fact that there was absolutely no prejudice to this respondent in the hearing delay respondent would have this court strike the ruling of the circuit court and lift his adult sentence to make it go away I would suggest to your honors that the mandatory construction that the defendant places on this statute is not just inconsistent with the statute itself in this court's case law interpreting the question of whether a statute is mandatory directory it's also entirely inconsistent with the purpose and policy behind the statute and the mandatory construction actually does damage to the statute and likely intrudes on the circuit court juvenile courts role exclusive role to control its own docket for instance while the statute prescribes the word shall hold the hearing it does not anywhere describe what the result of non-compliance would be this failure to prescribe a absence of any negative language actually requires that this statute be presumed directory this is this court's pronouncement in Del Villar where this court was viewing another procedural rule about admonishments in a plea context where the word shall told the circuit court to admonish a defendant regarding the consequences of deportation this court held that word excuse me a directory meaning the same must be said in this case in the same presumption must lie that presumption is only under overcome under two circumstances the first is where there's negative language prohibiting further act that's not present in this case counsel has conceded that the second circumstance is where a directory construction would do damage to the right that the statute was meant to protect and we know for a fact in this case that that will not happen while respondent supposes a number of reasons for this 30 to 60 day hearing time frame the actual reason is most likely to protect a juvenile from being held unnecessarily in detention during this period of time the speedy trial act contained in the juvenile court mentions that a EJJ prosecution motion will allow for the court to hold the respondent in detention so this time frame is likely to ensure that the respondent isn't unnecessarily held beyond a reasonable period of time what's the purpose of the 30 to 60 day limit in the statute it's just to ensure that the proceedings take part in a reasonable period of time prior to trial and that the respondent is not unnecessarily detained for any lengthy pretrial period of time because he's a juvenile respondent got up before this court and actually admitted that the state could just withdraw if it goes beyond the hearing date that the state could withdraw and just refile and in fact she mentions that in the reply brief as well well if all the state had to do in this case when it looked as if the hearing wouldn't be held within sixty days was to withdraw its EJJ petition only to refile another one and start another sixty day clock and start another detention hold on the defendant not necessarily because the statute provides that the state may file an EJJ petition at any time before trial and excuse me may file a petition the petition correct I'm only pointing this out because I don't want to do that I don't want to have to file motion after motion simply because a hearing for some reason or another can't be heard this court can't be blind to the circumstances that occur in juvenile court where there's all kinds of reasons why a delay could happen it's not the result of either party's dilatory conduct in this case it offers the illustrative example the first day that the hearing was scheduled to be heard defendant was represented by the PD the state had filed the motion and it was on the forty sixth day so within term defendant came into court excuse me respondent came into court with a brand new private attorney who'd never been on the case before he hadn't reviewed discovery he had just been provided the voluminous discovery by the public defender's office and when the state said judge I don't have all of respondent's school records let's get a continuance defense counsel private defense counsel understandably agreed this is the first time he was stepping up on the case the matter was continued by agreement to the following date which actually was the sixtieth day and that was continued for status to determine when the parties would have all agreed upon date to have the hearing on that day defense counsel didn't object to the hearing being outside sixty days rather he along with the court and the prosecutor determined when the most appropriate date was and that date just so happened to be thirty days hence in august and the hearing was had under these circumstances particular delay not only didn't prejudice the defendant it allowed the court to control the docket and it also didn't unnecessarily detain the respondent for an unreasonable period of time now under respondent's mandatory reading because it wasn't really the state's fault that the hearing couldn't be held within sixty days respondent suggests that all the state should do is just refile withdraw the original petition refile it and start that sixty days again what that could potentially add up to is a hundred and twenty days delay if we give a mandatory construction to this statute and i would suggest to your honors that that would be not just a hyper technical reading of the statute but it would also be absurd because a mandatory reading of the statute would actually prevent juvenile court from granting a continuance to a respondent who legitimately has expressed a need based reason for requesting a continuance it would also potentially allow dilatory conduct on the juvenile's part to not appear for the hearing date and thereby rest jurisdiction from the circuit court so that the circuit court can't impose an EJJ prosecution designation on the case with respect to council citation to other portions particularly the code of criminal procedure or some substantive statutes with respect to the sentencing ranges and arna type cases in presenting those issues or those cases to this court council is confusing statutory substance substantive laws that describe the substance of what a court should do and procedural laws this is a procedural law this is merely a timing requirement that the legislature has set forth without any consequence written into the statute as a result what the circuit court should or what this court should do is ascribe a directory reading to the statute now very briefly council also mentioned the post conviction ninety day rule in porter and that was a mandatory finding by this court reading but that ninety days in the PC statute contains a direct consequence if the post conviction petition isn't ruled on within ninety days the court shall docket it for further considerations for the second stage so that statute had consequences prescribed right in it in contrast to the instant EJJ statute the EJJ statute is like an omnibus statute it contains several independent subsections that deal with both pretrial trial sentencing potential revocation procedures and then ends with when the minor turns twenty one the fact that the legislature bundles all of the pretrial procedures in subsection one and two doesn't mean that all the shalls mean the same thing all that it means is the manner and form in which the statute was written was written in general to bundle the so that alone shouldn't be a basis to declare this statute reading under a mandatory construction the mandatory construction in this case is wrong as a matter of law it would be inconsistent with the manner in which this court has reviewed other timing provisions in other statutes it would operate an injustice insofar as this respondent never disagreed with the course of action chosen by the circuit court yet now an appeal has claimed that the circuit court's judgment is void and the timing provision in this case by contrast must be read as directory and unless a respondent is prejudiced by the delay he is not entitled to an undeserved windfall of reversal of the EJJ state adult sentence now council hasn't addressed the remaining two issues so I will not belabor those before the court because there's nothing to respond to but I will stand on the arguments that we presented in the briefs and ask that this court affirm the judgment of the appellate court in this case thank you thank you thank you the state suggests that it could keep refiling and refiling and refiling and refiling this EJJ designation motion if they do that and tend to play with the court's proceedings in that manner the court certainly has the inherent power to put a stop to this behavior if it's necessary to do so the state also points out argues that the minor agreed to these continuances pre-trial first of all not disputing a continuance is different from asking for a continuance but it was the state that is the one that asked for this continuance it wasn't the minor it's the state's burden at the first part of the EJJ hearing so it was the state asking for continuance to obtain school records even though their burden is probable cause that they can present by proffer and probable cause the state should have that at the time that they filed a petition for adjudication in the very first place also parties cannot agree to an act that's not authorized by the statute as this court mentioned in its case Pierre White even when a defendant prosecutor and the court all agree on a sentence the court cannot give the sentence effect if it's not authorized by law also as mentioned there's no negative language in the EJJP statute however there is some limiting language and that's just the fact that the statute does provide for this one continuance for good cause so although it's not negative language per se it does limit what's going on in this designation finally the state says that this is a procedural statute this is not just procedural it's about imposing this adult sentence on this kid it's more like an untimely dismissal than than untimely service moreover  sure I mean this is about imposing this adult sentence on this kid this statute because of the hearing once this hearing happens this kid's going to be getting this adult sentence when he's convicted this is about imposing this sentence on this kid and ultimately whether it is a procedural statute or something else it comes down to a question of the intent of the legislature what did the legislature intend in putting this thirty and sixty day deadlines also I want to go back to the first party rebuttal I didn't hear Ms. Collins say that she wanted to keep filing this over and over I think she said that your acquiescence that that there was the prospect of filing another petition down the line closer to trial indicates that a directory reading should be given rather than a mandatory reading how do you address that these deadlines are in the statute for a reason and the legislature wanted this to happen and once the sixty days passes the court just has no authority anymore to rule on this on this motion I mean they can keep under the statute obviously they can keep filing but that's not the intent here I mean the intent is to have this happen so that we know whether this is EJJP or not how do you find that the statute says one can keep on filing if they use the word a petition your honor I think you're correct that the use of the word a petition does possibly suggest that only one petition is is contemplated and it can be filed at any point prior to trial yes I think maybe it is just one petition is contemplated the state and I have been arguing sort of over this fact in the briefs and especially with her point that or her suggestion that the state can can keep refiling but if we do narrowly construe the language of the statute when it says a petition that seems clear that it's suggesting one although you haven't argued the other points I'm just as far as the remedy if you should lose on the issue of mandatory directory you lost in the appellate court on the standing issue and I think there's a second district case that is in conflict with the case here but the appellate court did not address the vagueness the constitutional issues what are you asking us to do if if this court holds the EJJP statute mandatory then obviously that would give relief for my client however if this court does not then he's still seeking relief under the vagueness challenge or the apprendee challenge and you're right there is a split within the appellate court over whether a juvenile has standing prior to the revocation of the stay on the adult sentence to challenge EJJ however in this case the state has filed a petition to revoke Marquis the stay on Marquis adult sentence so he will be getting this 23 year adult sentence in this case but that petition for revocation is based upon a criminal offense as opposed to violation of conditions is that not true that is what the petition to revoke is based on however it doesn't really matter what the petition to revoke is based on because the state has filed this petition like I said it's going to happen it's going to revoke and it's a same same subsection moreover until the moment that the revocation hearing actually occurs and until Marquis EJJ status is actually terminated he still does have to abide by these conditions of the juvenile sentence and because he still has to abide he's still under these conditions he does still have standing to challenge the vagueness of conditions in juvenile his juvenile sentence so we find that he has standing we could either address the constitutional issues or remand to the appellate court to address what it did not correct I mean as it stands is the problem really is that we just don't know under the EJJ statute what the conditions actually are that a juvenile is facing so I mean as the state's argument is that it could the conditions could be anything in the JCA it could be any of the rules and regulations in the EJJ but we just don't know so someone needs to speak to that and someone needs to be to clarify to juveniles and the juvenile courts what conditions these exactly are is it minor tickets in the EJJ will lead to a revocation of the stay I mean if a juvenile doesn't return a library book is that what we should be concerned about because as it stands juveniles don't know so they might think that a minor ticket they're already done or they might think anything less short of escape from the DJJ is sufficient so this court needs to speak to what exactly the statute intends to encompass at the least there are no more questions mark he asked this court to vacate his adult 23 year sentence thank you thank you case number one one three seven seven six and Ray M.I. is taken under advisers agenda three thank you for your arguments